

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-15-00256-CV

**In the Interest of A.N.H.** and T.D.H., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-01405
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Patricia O. Alvarez, Justice
            Jason Pulliam, Justice

Delivered and Filed:  August 19, 2015

AFFIRMED

T.D.H. ("Father") appeals the trial court's order terminating his parental rights to A.N.H. and T.D.H., Jr.[1]

### Procedural History

On June 10, 2014, the Texas Department of Family and Protective Services ("the Department") received a referral alleging physical abuse and neglectful supervision of A.N.H. and T.D.H., Jr.   The referral alleged the children's mother, K.K., was using heroin and methamphetamine and was selling controlled substances.  At the time of the referral, Father was incarcerated in Kerr County, Texas.

---

[1] To protect the identity of the minor children, we refer to the children and the children's parents by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

The Department began an investigation and sent a caseworker to make contact with K.K. on June 11, 2014. The caseworker arrived at K.K.'s home to find K.K. being arrested by police on outstanding warrants. The caseworker observed A.N.H. and T.D.H., Jr. were dirty and unfed, and removed A.N.H. and T.D.H., Jr. from the home, placing them in the custody of the Department.

On June 12, 2014, the Department filed a petition for termination of the parental rights of both K.K. and Father. The trial court held a contested hearing on June 24, 2014. A Family Service Plan was created for both K.K. and Father which required both parents to meet certain goals to regain custody of the children. The Department submitted status reports to the trial court, and the trial court held hearings on those reports.

Father was released from confinement in Kerr County, and on November 25, 2014, signed the Family Service Plan. Of the Family Service Plan's requirements, Father completed the psychological evaluation and visited the children three times before he was arrested and incarcerated in early 2015 for the manufacture and delivery of a controlled substance. Father failed to complete any further requirements under the Family Service Plan and did not have any further contact with the children.

The Department proceeded with termination of K.K. and Father's parental rights, and the parties tried the case to the bench on April 9, 2015. After receipt of evidence and testimony, the trial court rendered an order terminating Father's parental rights to both A.N.H. and T.D.H., Jr. based upon the following statutory grounds: (1) Father constructively abandoned A.N.H. and T.D.H., Jr., and Father demonstrated an inability to provide the children with a safe environment, pursuant to Texas Family Code Section 161.001(1)(N); and (2) Father failed to comply with the provisions of a court order that established the actions necessary for Father to obtain the return of A.N.H. and T.D.H., Jr., pursuant to Texas Family Code Section 161.001(1)(O). *See* TEX. FAM.

CODE ANN. § 161.001(1) (West 2014). The trial court also found termination of Father's parental rights to be in the best interest of the children, pursuant to Texas Family Code Section 161.001(2). *See* TEX. FAM. CODE ANN. § 161.001(2).[2] Subsequently, Father perfected this appeal.

## Analysis

Father asserts the evidence is legally and factually insufficient to support the trial court's finding that Father constructively abandoned the children pursuant to Family Code Section 161.001(1)(N).

To support termination of parental rights, the Department must establish by clear and convincing evidence one or more of the acts or omissions enumerated under subsection (1) of Family Code Section 161.001 and termination is in the best interest of the child. TEX. FAM. CODE ANN. §§ 161.001(1), (2); TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Both elements must be established, and termination may not be based solely on the best interest of the child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Only one predicate finding under Section 161.001(1) is necessary to support a judgment of termination, in addition to a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *see In re D.P.R.V.*, No. 04-09-00644-CV, 2010 WL 2102989, at *1 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.). Consequently, when the trial court makes findings as to multiple statutory grounds for termination, this court will affirm based on any one ground. *In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.); *In re S.N.*, 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.). Likewise, an appellate court is bound by unchallenged predicate findings. *In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *In re D.S.*, 333 S.W.3d at 388. Accordingly, "to mount a successful

---

[2] The trial court also terminated K.K.'s parental rights to both A.N.H. and T.D.H., Jr. K.K. does not join Father in appealing the trial court's order.

challenge on appeal based on evidentiary insufficiency, a party must challenge each affirmative finding of a predicate ground for termination or at minimum challenge the best interest finding." *In re S.N.*, 272 S.W.3d at 49.

In its written order terminating Father's parental rights, the trial court made findings supporting termination pursuant to both Section 161.001(1)(N) and Section 161.001(1)(O). On appeal, Father only challenges the legal and factual sufficiency of the evidence supporting the trial court's finding as to Section 161.001(1)(N). Father does not challenge the sufficiency of the evidence supporting the trial court's finding under Section 161.001(1)(O) or the trial court's finding that termination of Father's parental rights is in the children's best interest.

Because they are not challenged, this court is bound by the trial court's finding supporting termination under Section 161.001(1)(O) and the trial court's best-interest finding. *See In re D.S.*, 333 S.W.3d at 388. Based upon the unchallenged findings, this court must affirm the trial court's termination of Father's parental rights. *See In re A.V.*, 113 S.W.3d at 362; *In re D.S.*, 333 S.W.3d at 388.

Because the trial court's termination of Father's parental rights must be affirmed based upon the unchallenged grounds, this court will not address Father's sole issue whether sufficient evidence supports the trial court's termination pursuant to Section 161.001(1)(N). *See In re D.S.*, 333 S.W.3d at 388; *In re S.N.*, 272 S.W.3d at 49.

Accordingly, the order of the trial court is affirmed.

Jason Pulliam, Justice